NOT FOR PUBLICATION



FILED

AUG 03 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GEORGE VASQUEZ,

          Plaintiff - Appellant,

v.

AUDREY KING; et al.,

          Defendants - Appellees.

No. 14-15499

D.C. No. 1:10-cv-01973-BLW

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
B. Lynn Winmill, District Judge, Presiding[**]

Submitted July 21, 2015[***]

Before:    CANBY, BEA, and MURGUIA, Circuit Judges.

George Vasquez, a civil detainee at Coalinga State Hospital, appeals pro se

from the district court's judgment in his 42 U.S.C. § 1983 action alleging

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable B. Lynn Winmill, Chief United States District Judge
for the District of Idaho, sitting by designation.

    [***]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

constitutional violations in connection with the regulation of his electronic devices.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011) (dismissal under 28 U.S.C. § 1915A)*; Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We affirm in part, reverse in part, and remand.

The district court properly dismissed Vasquez's equal protection claim because Vasquez failed to allege facts sufficient to show that he was discriminated against because of his membership in a protected class or that he was treated differently than similarly situated individuals without rational basis. *See N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008) (elements of "class of one" equal protection claim); *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003) (requirements for equal protection claim based on membership in protected class).

However, Vasquez alleged facts in the amended complaint sufficient to state a plausible due process claim arising from the regulation of his electronic devices. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (civilly detained individuals have a substantive due process right to be free from restrictions that amount to punishment); *Sharp v. Weston*, 233 F.3d 1166, 1172 (9th Cir. 2000) ("Because the

14-15499

purpose of confinement is not punitive, the state must also provide the civilly-committed with more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." (citation and internal quotation marks omitted)).  Accordingly, we reverse the judgment as to this claim and remand for further proceedings.

We reject Vasquez's contentions regarding a right to training.

We do not consider matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED in part, REVERSED in part, and REMANDED.**

14-15499